UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DONNA L. MURRAY,

        Plaintiff,

   v.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

        Defendant.

No. 2:09-cv-03480-MCE-JFM

**ORDER**

The Court is in receipt of Plaintiff's Objections to the Pretrial Scheduling Order ("PTSO") in this matter, filed April 6, 2010. Plaintiff objects to that portion of the PTSO scheduling the instant matter for a bench, as opposed to jury, trial.

Plaintiff's objections are overruled. It is undisputed that Defendant answered Plaintiff's Complaint on December 15, 2009, two days before it removed the lawsuit to this Court from the Yolo County Superior Court on grounds of diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

///

1

Because no jury trial was demanded while the matter was pending in state court, under Federal Rule of Civil Procedure 81(c)(3)(B),[1] Plaintiff had fourteen (14) days after December 17, 2009 to file a timely demand. She did not do so within that period; in fact, no demand for jury trial was made until February 16, 2010 when the parties submitted their Joint Status Report. By that time, Plaintiff's demand was some six weeks late.

Although Rule 81(c) recognizes an exception to the requirement that an express demand be made if state law does not mandate such demand, the Ninth Circuit has held that because California is a state where an express demand is required, the exception in Rule 83(c) does not apply to cases removed from a California court. See Lewis v. Time Inc., 710 F.2d 549, 556 (9th Cir. 1983); Mastec North America, Inc. v. Comcast Cable, 2009 WL 1690519 at *1 (N.D. Cal. 2009). Lewis remains the controlling law on this issue, despite intervening changes to California Code of Civil Procedure § 631 permitting a plaintiff to make an express demand for jury trial up until the time of trial. Mastec, 2009 WL 1690519 at *2; see also Wave House Belmont Park, LLC v. Travelers Property Casualty Co., 244 F.R.D. 608, 610-12 (S.D. Cal. 2007). Significantly, both Mastec and Wave House are factually analogous to the present matter inasmuch as in both cases, the defendant answered either at or prior to the time removal was effectuated, and in both cases a jury trial was not sought within the time parameters set forth in Rule 81(d).

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1 Just as the tardily filed demand for jury trial were deemed
2 untimely in those cases, is also untimely here.
3     In the absence of a proper demand for jury trial, then,
4 Plaintiff's Objections to the PTSO (Docket No. 7) are overruled.
5 While Plaintiff's objections do reference the ability of the
6 Court to nonetheless order trial by jury under Rule 39(b), no
7 motion to that effect has been made and the issue is not properly
8 before the Court at this time.
9     IT IS SO ORDERED.

Dated: April 13, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

3