DEBORAH YOON JONES (State Bar No. 178127)
SAYAKA KARITANI (State Bar No. 240122)
**ALSTON & BIRD LLP**
333 South Hope Street, Sixteenth Floor
Los Angeles, California 90071
Telephone: (213) 576-1000
Facsimile: (213) 576-1100
debbie.jones@alston.com
sayaka.karitani@alston.com

CHRISTINA HULL EIKHOFF (Pro Hac Vice)
**ALSTON & BIRD LLP**
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
christy.eikhoff@alston.com

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA (erroneously
sued as PRUDENTIAL INSURANCE
COMPANY OF AMERICA)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA L. MURRAY,<br><br>    Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: 09-cv-03480-MCE-JFM<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Honorable Morrison C. England, Jr.<br><br>Trial Date:           Feb. 27, 2012<br>Discovery Cut-off: April 27, 2011<br>Motion Cut-off:    July 28, 2011 |

(PROPOSED) STIPULATED PROTECTIVE ORDER

PDF created with pdfFactory trial version www.pdffactory.com

# **STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material claimed by Donna L. Murray ("Plaintiff") and The Prudential Insurance Company of America ("Prudential") (collectively "the Parties") to be confidential and/or proprietary, and ensure that protection is afforded only to material so designated by the Parties and entitled under the applicable legal principles to treatment as Confidential, pursuant to the Court's authority under Federal Rule of Civil Procedure 26(c), Local Rules 141 and 141.1, IT IS ORDERED:

1. <u>Confidential Documents</u>.  This Order shall govern all documents produced or exchanged that are stamped or otherwise marked by a Party or Non-Party from whom discovery is sought with the legend "Confidential." Confidential documents which may be subject to this Order shall include: (a) Prudential's policies, procedures, guidelines, memoranda and manuals, which contain proprietary and commercially sensitive information, the disclosure of which might adversely affect Prudential's competitive position, business operation, or economic interests; (b) Plaintiff's claim file, which contains personal and confidential information of Plaintiff and proprietary and commercially sensitive information of Prudential; (c) financial information of an individual or entity; (d) the Group Contract between Prudential and JPMorgan Chase Bank, as Trustee for the American Institute of Certified Public Accountants Insurance Trust.

2. <u>Scope of Confidential Designation</u>.  The special treatment accorded Confidential document(s) shall reach:

    a) All documents currently or hereafter designated Confidential as set forth in Paragraph 1 above;

    b) All copies, extracts, compilations and complete or partial summaries prepared from such documents;

    c) Any portion of a deposition transcript or exhibit, or portion thereof,

PDF created with pdfFactory trial version www.pdffactory.com

that refers to or discusses such documents, copies, extracts or summaries; and

d) Any portion of any discovery answer or response, affidavit, declaration, brief, or other paper filed with the Court, or as an exhibit to such paper, that discusses or refers to such documents, copies, extracts or summaries.

3. <u>Restrictions on Disclosure of Confidential Documents</u>. Except with prior written consent of all Parties and Nonparties asserting confidential treatment, and except as provided elsewhere in this Order, documents designated Confidential and all information contained in them or derived from them, may not be disclosed to any person other than:

a) The Parties and counsel of record for the Parties;

b) Secretaries, paralegal assistants, and other employees of such counsel who are assisting in the prosecution and/or defense of this lawsuit;

c) Actual or potential deposition or trial witnesses in this action, to the extent reasonably necessary to prepare the witnesses to testify concerning this lawsuit and the author or recipient of the documents or the original source of the confidential information. In no event, however, shall disclosure be made under this subparagraph to any witness who is or has been employed by or associated with any competitor or customer of Prudential unless the Confidential documents in question were written by, seen by or copied to such witness;

d) Outside consultants and experts solely retained for the purpose of assisting counsel and the Parties in the prosecution and/or defense of this suit;

e) The Court and its employees, any court exercising appellate

PDF created with pdfFactory trial version www.pdffactory.com

jurisdiction with respect to the determinations of this Court, the triers of fact, court reporters transcribing testimony and notarizing officers; and

    f)    Those persons, if any, specifically engaged by the Parties or their counsel for the limited purpose of making photocopies or images of documents and other professional vendors employed by the Parties or their counsel to assist in the preparation and trial of this litigation.

"Disclosure" is intended to be interpreted broadly, and means copying (including handwritten copies), exhibiting, showing, communicating, describing, allowing access to, or otherwise releasing to any person the documents subject to this Order or any of these documents' content, except as expressly authorized by this Order.

    4.    <u>Location of "Confidential" Documents</u>.  Documents designated Confidential may be reviewed only in counsel's office by the persons identified in paragraph 3, with the following exceptions: (a) the uses provided for in paragraphs 8 and 11 below; (b) outside consultants or experts may possess one copy of any Confidential documents for use at their own offices, so long as the consultant or expert certifies compliance with this Order and agrees to return the Confidential documents to the Producing Party in accordance with paragraphs 6 and 13 below; and (c) Parties may possess one copy of any confidential documents for use at their own offices, if the Party resides in another state or if the party is a corporate entity and the appropriate in-house legal personnel is located in another state.  For purposes of this Order, "counsel's office" means (i) for the Plaintiff:  Daniel S. Glass, 1006 Fourth Street, 10th Floor, Sacramento, CA 95814; and (ii) for the Defendant: Alston & Bird, LLP, 1201 W. Peachtree Street, Atlanta, Georgia 30309 and 333 S. Hope Street, 16th Floor, Los Angeles, California 90071. With these exceptions, documents designated Confidential and copies thereof shall not leave counsel's office.

    5.    <u>Litigation Use of Confidential Documents</u>.   All information

PDF created with pdfFactory trial version www.pdffactory.com

1  designated Confidential in accordance with the terms of this Order and produced or
2  exchanged in the course of this action shall be used or disclosed solely for the purpose
3  of this action and shall not be used for any other purpose, including business,
4  governmental or commercial, or in any other administrative, arbitration or judicial
5  proceedings or actions.

6   6. <u>Certification of Compliance</u>.  Prior to disclosing any Confidential
7  information, materials, or documents to any individual identified in paragraphs 3(c) or
8  3(d) above, a Party shall provide said individual with a copy of this Order and a copy
9  of the Acknowledgment of Confidentiality attached hereto as Exhibit A.  Said
10 individuals shall sign the Acknowledgment of Confidentiality prior to being granted
11 access to Confidential information, materials or documents.  Counsel shall maintain a
12 copy of the signed Acknowledgment of Confidentiality and shall provide opposing
13 counsel with a copy of the Acknowledgment of Confidentiality within 10 days of
14 demand therefore, unless the signatory is a consulting expert who has not been named
15 as a witness.

16  7. <u>Responsibility of Attorneys</u>.  The attorneys of record are
17 responsible for employing reasonable measures, consistent with this Order, to control
18 duplication of, access to, preservation of, and distribution of copies of Confidential
19 documents.  It shall be the obligation of counsel, upon hearing of any breach or
20 threatened breach of this Order by any person, promptly to notify counsel for the
21 Receiving and Producing Parties of such breach or threatened breach.

22  8. <u>Use of Confidential Documents at Depositions</u>.  A deponent may,
23 during the deposition, be shown and examined about confidential documents if the
24 deponent is or was an employee of the Party producing such document, or if the
25 provisions of paragraph 6 are met. Any Confidential documents marked as deposition
26 exhibits shall be separated from the remainder of the deposition transcript and
27 exhibits.  When a Party uses or refers to Confidential documents or information at a
28 deposition, the portion of the deposition transcript that relates to such documents or

PDF created with pdfFactory trial version www.pdffactory.com

information shall be stamped Confidential and separated from the remainder of the transcript, and shall be treated as Confidential under the provisions of this Order.

9. <u>Designating Portions of Deposition Transcripts Confidential</u>. Any Party or Nonparty may, within 15 days after receiving a deposition transcript, designate portions of the transcript, or exhibits to it, as Confidential. At the deposition, the Parties will attempt in good faith to preliminarily identify and designate Confidential testimony and exhibits without prejudice to their right to so designate other testimony or exhibits or withdraw such designation after receipt of the transcript. Confidential deposition testimony or exhibits may be so designated by stamping the exhibits Confidential or by underlining the portions of the pages that are Confidential and stamping such pages Confidential. Until expiration of the 15-day period, the entire deposition transcript, and all exhibits to it, will be treated as Confidential under the provisions of this Order. If no Party or Nonparty timely designates testimony or exhibits from a deposition as being Confidential, none of the deposition testimony or exhibits will be treated as Confidential. If any other Party objects to the portions of the depositions which have been designated as Confidential, the objecting Party shall notify the Court of his objection and the Court will determine whether the designated portion of the depositions should be treated as Confidential under the provisions of this Order. If the Court determines that the designated portions are not Confidential, the Confidential designation shall be removed from the deposition transcript.

10. <u>Sealing Confidential Information</u>: Documents, transcripts or papers designated by a Party or Non-Party as Confidential may be filed under seal only after a "Request to Seal Documents" pursuant to Local Rule 141 for good cause is filed and such protection is granted by the Court.

11. <u>Use of Confidential Documents in Court</u>. Documents determined to be Confidential under this Order, and all information contained in them or derived from them, may be used or offered into evidence at the trial of this suit provided that

PDF created with pdfFactory trial version www.pdffactory.com

sufficient advance notice is given to permit the designating Party or Nonparty to seek additional protections or relief from the Court if desired.

12. <u>Declassification</u>.  Any Party may apply to the Court for a ruling that a document (or category of documents) stamped Confidential is not entitled to such status and protection.  The Party that designated the document as Confidential shall be given notice of the application and an opportunity to respond.  To maintain Confidential status, the proponent of confidentiality bears the burden of poof to show that there is good cause for the document to have such protection.

13. <u>Non-Termination and Return of Documents</u>.  The provisions of this Order shall continue to apply to stamped Confidential documents and information after this suit has been terminated.  Upon dissolution of matter, the Parties may seek to obtain the return of documents within 60 days after final conclusion of all aspects of this litigation by filing a motion with the Court.  All Confidential documents and all copies of same (other than exhibits of record) shall be returned to the person that produced such documents or, at the option of the producer, destroyed.  Additionally, any person in possession of Confidential documents that contain work product notations may destroy those documents rather than returning them to the Party that produced them.  All counsel of record shall make certification of compliance herewith and shall deliver the same to counsel for the Party who produced the documents not more than 150 days after final termination of this litigation.  Alternatively, the Parties and/or any Producing Non-Party may agree in writing on appropriate methods of destruction.

14. <u>Subpoena by Other Courts or Agencies</u>.  If another court or an administrative agency subpoenas or orders production of Confidential documents that a Party has obtained under the terms of this Order, such Party shall promptly notify the Party who designated the document as Confidential of the service of such subpoena or order, and provide that Party with sufficient time in which to object.

15. <u>No Admissions</u>.  Nothing contained in this Order, nor any action

PDF created with pdfFactory trial version www.pdffactory.com

taken in compliance with it, shall:

    a) Operate as an admission by any Party that a particular document or information is, or is not, Confidential;

    b) Operate as an admission by any Party that a particular document is, or is not, subject to discovery or admissible into evidence at the trial of this suit.

Dated: _____
October _, 2010

DANIEL S. GLASS
**DANIEL S. GLASS ATTORNEY AT LAW**

_____
Daniel S. Glass
Attorneys for Plaintiff
DONNA L. MURRAY

Dated: October 14, 2010

DEBORAH YOON JONES
CHRISTINA HULL EIKHOFF
SAYAKA KARITANI
**ALSTON & BIRD LLP**

_____
Sayaka Karitani
Attorneys for Defendant
THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (erroneously sued as PRUDENTIAL INSURANCE COMPANY OF AMERICA)

PDF created with pdfFactory trial version www.pdffactory.com

## **ORDER**

Good cause appearing, IT IS HEREBY ORDERED that the terms of the Stipulated Protective Order set forth above shall govern in this case.

Dated: October 19, 2010

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

PDF created with pdfFactory trial version www.pdffactory.com

# EXHIBIT A
## ACKNOWLEDGMENT OF CONFIDENTIALITY

I hereby certify that I have read, reviewed and understand the Stipulated Protective Order Governing Confidential Materials ("Protective Order") entered in the case of *Donna L. Murray v. The Prudential Insurance Company of America*, Case No. 09-cv-03480-MCE-JFM, in the United States District Court for the Eastern District of California. I agree to abide fully and be bound by its terms with respect to any documents, materials or information designated or marked CONFIDENTIAL under the Protective Order that is furnished to me in any manner.

I agree not to disclose to anyone any documents, materials or information designated or marked CONFIDENTIAL other than as set forth in the Protective Order.

I agree not to make any copies of any documents, materials or information designated or marked CONFIDENTIAL except in accordance with the Protective Order and to return all CONFIDENTIAL documents to the Party or attorney who provided them and to return or destroy all copies.

I agree not to make use of any CONFIDENTIAL document under the Protective Order provided in this litigation for any purpose outside of this litigation.

I hereby consent to be subject to the personal jurisdiction and venue of the above-captioned Court with respect to any proceeding related to the Protective Order.

DATED this_____day of _____, 2010

Signature _____

Printed Name _____

PDF created with pdfFactory trial version www.pdffactory.com